DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
DANNY YOO (SBN 251574)
JUDITH B. VASAN (SBN 278115)
520 S. Virgil Avenue, Suite 400
Los Angeles, CA  90020
Tel.:   (213) 387-8400 x32
Fax:   (213) 381-8555

PAMELA MARX (SBN 82470)
JAMES PREIS (SBN 82690)
Mental Health Advocacy Services, Inc.
3255 Wilshire Boulevard, Suite 902
Los Angeles, CA 90010
Tel:   (213) 389-2077

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HERMINIA LOPEZ, as an individual, and L.L., by and through his general guardian JOSE LOPEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> MELVA DOCKINGS, as an individual and as trustee of DOCKINGS FAMILY TRUST, <br><br> Defendants. | ) Case No.: CV-12-7308 GW (RZx) <br> ) <br> ) Assigned to Courtroom:  10 <br> ) The Hon. George H. Wu <br> ) <br> ) <br> ) ~~[PROPOSED]~~ PROTECTIVE ORDER <br> ) <br> ) Action Commenced:  August 24, 2012 <br> ) Trial Date:  Not Set <br> ) Discovery Cut-Off:  Not Set <br> ) Law & Motion Cut-Off:  Not Set <br> ) <br> ) <br> ) NOTE: CHANGES HAVE BEEN <br> ) MADE TO THIS DOCUMENT <br> ) <br> ) |

-1-

The Parties have entered into a Stipulation for the entry of a Protective Order to govern the disclosures, dissemination, and use of "Confidential Information" produced by the Parties in this action.  The Court having reviewed the Stipulation and finding good cause for the entry of such an order, hereby orders that the following Protective Order ("the Order") shall apply to any information designated as "Confidential" pursuant to the agreement of the Parties or Order of the Court.

**1.      Confidential Information**

Plaintiffs contend that Plaintiffs' medical records and medical information are confidential, private, sensitive information.  Defendant intends to obtain Plaintiffs' medical records and medical information through discovery in this action.  This stipulation and Order is intended to preserve the confidentiality of those medical records, the information obtained therein, and any other medical information about Plaintiffs disclosed by Plaintiffs in discovery. Therefore, Plaintiffs seek to keep medical records and documents related to their medical information confidential.

Any documents produced in discovery that contain or reveal medical records or medical information, or that are designated as Confidential Information under the terms of the Order, and all copies, recordings, abstracts, excerpts, analyses, court filings, or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall be deemed to be Confidential Information.

**2.      Parties**

A "Disclosing Party" is the party who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving party's attorneys.  A "Receiving Party" is any party (either Plaintiff or Defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

[PROPOSED] PROTECTIVE ORDER

**3.      Identification**

a.      Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.

b.      Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information.

c.      Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order.  Any Receiving Party or other person who receives a document so designated is subject to this Protective Order and the jurisdiction of the Central District of California for enforcement of the Order.

**4.      Inadvertent Failure to Designate**

In the event that a party discovers after they have produced information that they have inadvertently failed to designate as "Confidential Information," that was not designated as Confidential, the disclosing party may designate the information as Confidential by a subsequent notice in writing identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in the Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

**5.      Limited Use**

The Parties and its attorneys of record shall use Confidential Information obtained through discovery in this case and the information contained therein only for the purposes of the present lawsuit.

**6.     Disclosure to Counsel**

Pursuant to this Order, Confidential Information shall be produced only to a Parties' attorneys of record.  Attorneys of record shall not disclose orally, by copies, or in summary form, any Confidential Information obtained through discovery in this case to any person other than their client, office staff, insurance carrier(s), and experts necessary to assist in this case.

**7.     Disclosure to Court**

If ~~the Parties in this case~~ any party desires to file with the Court any Confidential Information protected by this stipulation ~~and Order with the Court, or file any papers containing Confidential Information obtained through discovery, the Confidential Information or documents shall be filed~~ the party may apply to file such materials under seal~~, with a notation that those confidential information and documents are confidential and shall not be disclosed to anyone other than Court personnel~~ but must follow the procedures of L.R. 79-5.

**8.     Disclosure to Others**

a.     Confidential Information may not be disclosed to any other persons or entities other than those listed in Sections 6 and 7, except under the following circumstances:

(1) Upon written permission of the Producing Party; or

(2) By Order of the Court.

b.     All persons to whom Confidential Information is disclosed under Section 8 must read an executed copy of the Order, agree to be bound by it, and sign an agreement to do so.

     c.     Counsel for each Receiving Party shall prepare and maintain a log of all persons to whom it discloses the Confidential Information of each party and the specific Confidential Information disclosed.

## 9.  Return of Documents

Within 60 days of either settlement or final judgment that is not appealed or subject to further legal proceedings, each Receiving Party or other person subject to the terms of the Order or in possession or control of Confidential Information shall be obligated to return to any Disclosing Party all Confidential Information, and all copies thereof.

## 10.  Continuing Jurisdiction

This stipulation and Protective Order shall remain in effect permanently, and shall continue in effect even after this case is finally resolved.

## 11.  Applicability of Order

The Order shall bind and apply to all persons who receive Plaintiff's medical records and medical information and who either sign an agreement to be so bound or who are given an executed copy of the Order.

## 12.  Disputes

Any disputes regarding the Protective Order are subject to Local Rule 37.

IT IS SO ORDERED.  However, this Order shall not govern in connection with dispositive motions or at trial.  Any party desiring protection of materials used in connection with those proceedings shall apply separately for such protection, to the judicial officer who will preside in connection with those proceedings.

Dated: November 20, 2012         _____

                                  The Honorable Ralph Zarefsky
                                  United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] PROTECTIVE ORDER